```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                    EASTERN DIVISION
```

**KENNETH G. THORP,**

       **Plaintiff,**

  vs.                                      Civil Action 2:15-cv-1121
                                              Judge Smith
                                              Magistrate Judge King

**OHIO DEPARTMENT OF REHABILITATION
AND CORRECTION,** *et al.,*

       **Defendants.**

<u>ORDER AND
REPORT AND RECOMMENDATION</u>

Plaintiff, a state inmate currently incarcerated at the Belmont Correctional Institution ("BeCI"), brings this civil action without prepayment of fees or costs. This matter is now before the Court for the initial screen of the *Complaint,* ECF 4, required by 28 U.S.C. §§ 1915(e), 1915A. For the reasons that follow, the action may proceed against defendant Michelle Miller, the Warden at the Belmont Correctional Institution, and against defendant Major Clark, who is alleged to be responsible for security at BeCI. However, it is recommended that the claims against the other named defendants be dismissed for lack of subject matter jurisdiction or for failure to state a claim upon which relief can be granted.

Plaintiff alleges that he was the victim of a vicious game referred to as the "knock-out game," by which he was attacked by unknown inmate assailants in an unsecure area of BeCI referred to a the "mailbox walkway area" or "deadman's corner." *Complaint*, ¶ 11. Plaintiff underwent treatment for his injuries but continues to suffer

post-traumatic stress disorder and post-concussion syndrome. *Id.* ¶¶ 12-15. Plaintiff alleges that, in December 2014, he wrote a letter to defendant Warden Michelle Miller, asking for increased security for the area, and that the Warden assured plaintiff that he would "be 'seeing some [unspecified] changes shortly.'" *Id*. at ¶ 17.  However, plaintiff alleges, no changes have been instituted, "deadman's corner" has not been secured, and the attacks continue. *Id.* at ¶¶ 16-18. The *Complaint,* which seeks declaratory and monetary relief, names as defendants the Ohio Department of Rehabilitation and Correction ("ODRC"), the ODRC Director, BeCI Warden Miller, the Institutional Inspector and the Acting Institutional Inspector at BeCI, and one Major Clark, who is alleged to be responsible for security at BeCI.

The caption of the *Complaint* names as a defendant the ODRC. This state agency is absolutely immune from suit in this Court by virtue of the Eleventh Amendment to the United States Constitution. *See Beil v. Lake Erie Correction Records Dept*., 282 Fed. Appx. 363, 2008 WL 2434738 (6th Cir. June 13, 2008). *See also Regents of Univ. of Calif. v. Doe*, 519 U.S. 425, 429 (1997) (Eleventh Amendment sovereign immunity applies not only to the states themselves but also to "state agents and instrumentalities"). Moreover, a state agency is not a "person" subject to suit under 42 U.S.C. §1983. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 70-71 (1989). The action cannot proceed against the ODRC.

Plaintiff claims that individual defendants have been deliberately indifferent to his safety and that of the other inmates at BeCI. "[P]rison officials have a duty . . . to protect prisoners

2

from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (internal quotation marks and citation omitted). *See also Bishop v. Hackel*, 636 F.3d 757, 766 (6th Cir. 2011). To establish liability under the Eighth Amendment for a defendant's alleged failure to protect an inmate from prison violence, a plaintiff must show that the defendant was deliberately indifferent "to a substantial risk of serious harm." *Farmer*, 511 U.S. at 828. Deliberate indifference contains both an objective and subjective component. *Id.* at 833, 837; *Phillips v. Roane County*, 534 F.3d 531, 539 (6th Cir. 2008); *Watkins v. City of Battle Creek*, 273 F.3d 682, 685-86 (6th Cir. 2001)). In the case presently before the Court, plaintiff has sufficiently identified an objective threat to his safety.

The subjective prong of plaintiff's claim requires that a plaintiff-inmate allege that each defendant knew of and yet disregarded an excessive risk to his safety. Plaintiff has sufficiently alleged this subjective component in his claim against defendant BeCI Warden Miller and defendant Major Clark.

However, the Court concludes that the *Complaint* does not state a claim against the remaining defendants.

The *Complaint* names as a defendant the Director of the ODRC, who is alleged to be responsible for the "general operations as regards the safety, security and welfare of all the prisoners at" BeCI, *Complaint*, ¶ 4. A supervisory official may not be held liable under 42 U.S.C. §1983 for the alleged misconduct of subordinates unless "the plaintiff demonstrates that 'the supervisor encouraged the specific

3

incident of misconduct or in some other way directly participated in it.'" *Combs v. Wilkinson*, 315 F.3f 548, 554 (6th Cir. 2002) quoting *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "'At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers.'" *Id.*, quoting *Hays v. Jefferson County*, 668 F.2d 869, 874 (6th Cir. 1982). Liability on the part of a supervisor must be based on "active unconstitutional behavior." *Id.*, citing *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999). The *Complaint* simply fails to allege such conduct on the part of the Director of the ODRC.

The *Complaint* also names as defendants the BeCI Institutional Inspector and the Acting Institutional Inspector. Plaintiff alleges that these defendants are charged with handling inmate grievances and were thus aware of the problems at "deadman's corner" but failed to correct the problems. A prison inmate does not have an inherent constitutional right to an effective prison grievance procedure. *Young v. Gundy*, 30 Fed.Appx. 568, 569-70 (6th Cir. 2002), citing *Antonelli v. Sheahan,* 81 F.3d 1422, 1430-31 (7th Cir. 1996). *See also Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Argue v. Hofmeyer*, 80 Fed.Appx. 427, 430 (6th Cir. 2003); *Keenan v. Marker*, 23 Fed.Appx. 405, 407 (6th Cir. 2001); *Mays v. Wilkinson,* 181 F.3d 102 at *1 (6th Cir. 1999*).* Prison officials are not obligated to respond to an inmate's grievances in a way satisfactory to the inmate*. Overholt v. Unibase Data Entry, Inc.*, 221 F.3d 1335, *3 (6th Cir. 2000). The fact that these defendants are charged with handling inmates' grievances is not sufficient to allege that they had either the authority or the ability to change or correct

4

the prison conditions about which plaintiff complains.

It is therefore **ORDERED** that the action may proceed against defendant Michelle Miller, the Warden at BeCI, and against defendant Major Clark. If plaintiff provides a copy of the *Complaint*, a summons and a Marshals service form for each of these defendants, the United States Marshals Service will effect service of process by certified mail on these defendants, who may have forty-five (45) days after service of process to respond to the *Complaint*.

It is **RECOMMENDED** that the claims asserted against the remaining defendants, *i.e.,* the ODRC and defendants Mohr, Bumgardner and Riehle, be dismissed for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that

"failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

April 17, 2015                                            *s/Norah McCann King*
                                                    Norah McCann King
                                     United States Magistrate Judge